B. McKay Mignault, Chief Bankruptcy Judge
United States Bankruptcy Court

**Dated: March 26th, 2025**

### UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT HUNTINGTON

| | |
|---|---|
| IN RE: <br><br> BRIANNE LARISSE HURD and RODNEY BRIAN HURD, <br><br><br> Debtors. | CASE NO. 3:24-bk-30110 <br><br> CHAPTER 7 <br> No Asset <br><br><br> JUDGE B. MCKAY MIGNAULT |
| TERRY PEARSALL, <br><br> Plaintiff, <br><br> v. <br><br> BRIANNE LARISSE HURD and RODNEY BRIAN HURD, <br><br> Defendants. | <br><br><br><br> ADVERSARY PROCEEDING <br> NO. 3:24-ap-03004 |

**MEMORANDUM OPINION AND ORDER (A) DISMISSING THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND (B) DENYING ALL OTHER PENDING MATTERS AS MOOT**

On January 30, 2025 at 1:30 p.m., the Court held a hearing (the "Hearing") regarding Defendants' *Motion to Strike Inadmissible Evidence in Initial Disclosure* [dkt. 24] (the "Motion to Strike"); Defendants' *Subpoena to Produce Documents, Information, or Objects in a Bankruptcy Adversarial Proceeding* [dkt. 28] (the "Subpoena to Produce Documents"); Plaintiff's *Motion to Quash "Subpoena to Produce Documents, Information, or Objects in a Bankruptcy Adversarial Proceeding"* [dkt. 31] and *Motion to Quash "Debtors First Request for Admissions"*

*in Accordance with Federal Rule(s) of Civil Procedure 36(a)(4) and 26(b)(1)* [dkt. 32]

(collectively, the "Motions to Quash"); and Plaintiff's *Motion Objecting to "Debtor's Initial

Disclosures"* [dkt. 33]. At the Hearing, both Plaintiff and Defendants represented themselves *pro

se* and presented oral argument in furtherance of their respective submissions. Subsequently, both

the Plaintiff and Defendants filed motions for summary judgment. *See* dkts. 35, 40. The Court

has taken these pending matters under advisement. *See* Order, dkt. 41.

Plaintiff, Terry Pearsall, commenced this Adversary Proceeding to obtain a ruling

that his default Judgment against Defendants, Brianne Larisse Hurd and Rodney Brian Hurd, is

nondischargeable pursuant to Section 523(a)(2)(B) of Title 11 of the United States Code (the

"Bankruptcy Code"). Thus, the Complaint presents one issue—whether Defendants' Judgment to

Plaintiff is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B). While summary judgment is

not yet ripe, the Court will construe the *pro se* Defendants' motion for summary judgment as a

motion to dismiss and will review the Complaint under that standard. Because Plaintiff's

Complaint fails to allege facts that, if taken as true, could plausibly entitle Plaintiff to a

nondischargeability ruling pursuant to 11 U.S.C. § 523(a)(2)(B), the Court finds it appropriate to

dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made

applicable pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. Accordingly,

all other pending matters shall be denied as moot by dismissal.[1]

**JURISDICTION**

1.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The Court

has original and exclusive jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 157, 1334.

---

[1] Capitalized terms used in this introduction shall have the meanings defined in later sections of
this order.

## FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2.      On April 12, 2024 (the "Petition Date"), Brianne Larisse Hurd and Rodney Brian Hurd ("Debtors" or "Defendants" or "Hurds") sought relief pursuant to Chapter 7 of the Bankruptcy Code.

3.      Prior to the Petition Date, on July 6, 2023, Defendants executed a promissory note payable to Terry Lee Pearsall (the "Plaintiff") in the amount of $6,000.00, which funds were used to repay a debt owed to Thomas Hurd and to pay past due rent and avoid eviction from Defendants' former residence located at 131 Winborne Drive, Mooresville, NC 28115.  *See* Complaint [dkt. 1] at 2–3.

4.      On August 30, 2023 and October 3, 2023, the Hurds refused to repay the debt via text messages sent to the Plaintiff.  *Id. at 1*.  The alleged text messages stated that "There will be NO payment to Lee [Plaintiff] whatsoever!" and the "payback will be voided."  *Id.*

5.      Following this refusal, Plaintiff sued the Defendants in Putnam County Magistrate Court, and on February 12, 2024, the Magistrate Court of Putnam County entered a default judgment in favor of Plaintiff against Defendants in the amount of $6,000.00, plus court costs of $95.00 and post-judgment interest at 8.00% (the "Judgment").  *Id.*

6.      The Plaintiff commenced this Adversary Proceeding on July 8, 2024, by filing a complaint (the "Complaint") alleging that the Judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B).  *Id.*

7.      On January 30, 2025, the Court entered its *Order of Discharge* in the Defendants' bankruptcy case.  *See* Case No. 3:24-bk-30110, dkt. 29.

## ANALYSIS

8.      Although summary judgment is not yet ripe due to the ongoing nature of discovery, the Court will construe *pro se* Defendants' motion for summary judgment as a motion to dismiss and will review the sufficiency of the Complaint under that standard.

9.      Rule 8(a)(2) of the Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding by Rule 7008 of the Federal Rules of Bankruptcy Procedure, provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008. Federal Rule of Civil Procedure 12(b)(6), made applicable to this Adversary Proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

10.      The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *McCleary–Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555. It is settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted); *McCleary–Evans*, 780 F.3d at 585; *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008). "Rather, the complaint must set forth enough factual matter (taken as true) to suggest a cognizable cause of action, even if the actual proof of those facts is improbable and recovery is very remote and unlikely." *Prynne v. Settle*, 848 Fed. Appx. 93, 99 (4th Cir. 2021) (internal citations omitted).

11.      The complaint need not "forecast evidence sufficient to prove the elements

of [a] claim," but it must "allege sufficient facts to establish those elements." *Walters v. McMahen*,

684 F.3d 435, 439 (4th Cir. 2012) (internal citation omitted).  Stated another way, the operative

pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the

speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550

U.S. at 548.  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading

"does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation.").  In sum, the complaint must allege "enough facts

to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

12.      The Supreme Court has consistently interpreted the Rule 12(b)(6) standard

to require a court to "'accept as true all of the factual allegations contained in the

complaint . . ..'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555–

56).  S*ee also Prynne*, 848 Fed. Appx. at 99; *S.C. Dep't of Health and Envtl. Control v. Com. and

Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th

Cir. 2002)).  The court is additionally required to "draw all reasonable inferences [from those facts]

in favor of the plaintiff." *Prynne*, 848 Fed. Appx. at 99.  *See also Edwards v. City of Goldsboro*,

178 F.3d 231, 244 (4th Cir. 1999).

13.      Furthermore, Rule 9(b) applies to nondischargeability actions under Section

523(a)(2).  When there are allegations of fraud in a complaint, the plaintiff must "state with

particularity the circumstances constituting fraud. . . ."  Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009.

To satisfy the heightened pleading standard for fraud, a plaintiff must:

> at a minimum, describe the time, place, and contents of the false
> representations, as well as the identity of the person making the
> misrepresentation and what he obtained thereby. . . .  These facts are

often referred to as the 'who, what, when, where, and how' of the alleged fraud.

*Weaver v. Hartman (In re Hartman)*, Nos. 18-bk-00444, 18-ap-00054, 2019 Bankr. LEXIS 3029, at *9, 2019 WL 5616256, at *3 (Bankr. N.D.W. Va. Sep. 27, 2019) (quoting *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc*., 525 F.3d 370, 379 (4th Cir. 2008)).

14.     In sum, the Complaint in this case must meet both the factual plausibility requirements under Rule 8 of the Federal Rules of Civil Procedure and the heightened pleading standard for fraud in Rule 9(b) to avoid dismissal under Rule 12(b)(6) for failure to state a claim on which relief can be granted.

15.     Turning now to the allegations in the Complaint, the Plaintiff invokes 11 U.S.C. § 523(a)(2)(B).  Section 523(a)(2)(B) excepts from the Debtors' discharge any debts:

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> (B) use of a statement in writing—
> (i) that is materially false;
> (ii) respecting the debtor's or an insider's financial condition;
> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> (iv) that the debtor caused to be made or published with intent to deceive; or

11 U.S.C. § 523(a)(2)(B)(i)-(iv).

16.     **All five elements must be shown and proven to successfully establish a claim under Section 523(a)(2)(B)**.  *See* 4 COLLIER ON BANKRUPTCY ¶ 523.08[2] (16th ed. 2025). *See also Colombo Bank v. Sharp (In re Sharp)*, 340 F. App'x 899, 901 (4th Cir. 2009).  According to the United States Court of Appeals for the Fourth Circuit, a party must generally establish: (1) use of a written statement; (2) that was materially false; (3) that regards the debtor's financial condition; (4) on which the petitioning creditor reasonably relied; and (5) that the debtor published

6

with intent to deceive.  *Id.*  Specifically, this exception to discharge only applies if the money, property, or services were obtained *after* the making of any false representation.  *See* 4 COLLIER ON BANKRUPTCY ¶ 523.08[1] (16th ed. 2025).

17.     To satisfy the first element, the "written statement" does not have to be written by hand.  A typed statement that reflects the financial condition of the debtor will satisfy the requirement; it does not have to conform to a standard financial statement.  *Lawyers Title Ins. Co. v. Chesson (In re Chesson)*, Nos. B-09-81328C-7D, 09-09064, 2012 Bankr. LEXIS 4744, at *18, 2012 WL 4794148, at *7 (Bankr. M.D.N.C. Oct. 9, 2012).   However, the debt must be "obtained by" the use of the written statement, meaning that the written statement be made *before* the loan was made such that the creditor relied upon the written statement when the debt was incurred.  Statements made *after* the debt was incurred cannot establish a claim of relief under this Section.  The Complaint alleges that the Hurds sent Plaintiff text messages refusing to pay the debt in August and October 2023—these allegations are insufficient to state a claim under Section 523(a)(2)(B) because these statements were made *months after* the Plaintiff had extended the $6,000.00 loan on July 6, 2023.  The Complaint fails to identify any written statement used by the Defendants to obtain the loan from Plaintiff, and thus, the Complaint fails to state a cause of action under Section 523(a)(2)(B).

18.     To satisfy the second element, the written statement must be materially false, meaning that "it paints a substantially untruthful picture of a debtor's financial condition by misrepresenting information of the type which would normally affect the decision to grant credit." *Cabarrus Cnty. v. Boyd (In re Boyd)*, 525 B.R. 299, 305 (Bankr. M.D.N.C. 2015) (citing *Premier Bank v. Koester (In re Koester)*, 437 B.R. 363, 368 (Bankr. E.D. Mo. 2010)).  The Complaint fails to allege that any materially false written statement was used by the Defendants to obtain the loan

7

from the Plaintiff, and thus, the Complaint fails to state a cause of action under Section

523(a)(2)(B).

19.     To satisfy the third element, the written statement must be made respecting

the debtor's financial condition, meaning that it "has a direct relation to or impact on the debtor's

financial condition." *Lamar, Archer & Cofrin, LLP v. Appling*, 584 U.S. 709, 720 (2018).  Once

again, the Complaint fails to allege that the Defendants used any written statement respecting their

financial condition to obtain a loan from Plaintiff, and thus, the Complaint fails to state a cause of

action under Section 523(a)(2)(B).

20.     To satisfy the fourth element, the Complaint must allege that Plaintiff

reasonably relied on the written statement.  There is a twofold determination to whether a creditor

has reasonably relied on a written statement: "(1) actual reliance and (2) the exercise of care to the

degree exercised by a reasonably cautious person in the same business transaction under similar

circumstances." *Am. S. Ins. Co. v. Rutherford (In re Rutherford)*, Nos. 12-51445, 13-05013, 2014

Bankr. LEXIS 1222, at \*12, 2014 WL 1329256, at \*4 (Bankr. W.D. Va. Mar. 31, 2014).  To

determine actual reliance, the creditor must demonstrate that they indeed relied on the written

statement when extending the money or services to the debtor.  *See Dominion Bank v. Wingo (In

re Wingo)*, 112 B.R. 141, 145 (W.D. Va. 1990).  Here, the Complaint fails to allege that the Plaintiff

reasonably relied, or relied at all, on any written statement from the Defendants when he loaned

money to them, and accordingly, the Complaint fails to state a cause of action under Section

523(a)(2)(B).

21.     To satisfy the fifth element, the Complaint must allege that "the debtor

caused the written statement to be made or published the statement with intent to deceive."  This

requires an allegation that the written statement was knowingly false or made with reckless

8

disregard for the truth or falsity of the statement.  *See* 4 COLLIER ON BANKRUPTCY ¶ 523.08[2]
(16th ed. 2025).  Once again, the Complaint fails to allege that the Defendants obtained a loan
from the Plaintiff through the intentional use of a false written statement, and therefore, the
Complaint fails to state a cause of action under Section 523(a)(2)(B).

22.      "Subsection (2)(B). . . was designed to bar the bankruptcy discharge of a
debt obligation that was induced by a false written statement of the debtor's financial condition."
*See Columbo Bank v. Sharp (In re Sharp),* 340 Fed. Appx. 899, 901 (4th Cir. 2009).  Taking all the
facts pleaded therein as true, the Complaint fails to allege facts sufficient to satisfy any of the five
mandatory elements to state a plausible claim under Section 523(a)(2)(B), nor does it meet the
heightened pleading standard for allegations of fraud.  Accordingly, the Complaint shall be
dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the
Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rule 7012(b) of
the Federal Rules of Bankruptcy Procedure.

## CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that:

1.      Plaintiff's Complaint is **DISMISSED**

2.      Defendants' motion for summary judgment [dkt. 35] is **GRANTED** insofar
as the Complaint is **DISMISSED**; otherwise, it is **DENIED**.

3.      Plaintiff's Motion for Summary Judgment [dkt. 40] is **DENIED** as **MOOT**.

4.      Defendants' Motion to Strike [dkt. 24] and Subpoena to Produce Documents
[dkt. 28] are **DENIED** as **MOOT.**

5.      Plaintiff's Motions to Quash [dkts. 31, 32] and *Motion Objecting to
Debtor's Initial Disclosures* [dkt. 33] are **DENIED** as **MOOT**.

9

6.      This case may be **CLOSED** and stricken from the Court's active docket.

**It is so ORDERED**.